UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:14-cr-73 |
| v. ) | |
| ) | Judge Mattice |
| ADRIAN LEBRON O'KELLEY, ) | Magistrate Judge Carter |
| ) | |
| *Defendant.* ) | |
| ) | |

## ORDER

On September 5, 2014, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 22) pursuant to 28 U.S.C. § 636(b)(1). In his Report and Recommendation, Magistrate Judge Carter recommended that Defendant's Motion to Suppress (Doc. 13) be denied. On September 17, 2014, Defendant filed timely objections to the Report and Recommendation. (Doc. 23).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Carter's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

I.  **BACKGROUND**

In his Report and Recommendation, Magistrate Judge Carter recounted the facts developed at the evidentiary hearing held on Defendant's Motion to Suppress as follows:

> Sgt. Scott Crider of the Chattanooga Police Department (CPD) was the only witness to testify at the evidentiary hearing held on August 25, 2014 on defendant's motion to suppress. I observed his demeanor and found him to be credible. He testified as follows:

He has been employed with CPD since 1995 and became a sergeant in 2013. His normal patrol area is known as the "Bravo" zone in downtown Chattanooga, an area known as a high crime area.

On October 10, 2013, at 3:10 a.m., he received a "disorderly" call at an address in an apartment complex known for frequent problems. As he approached the apartments in his patrol car, a vehicle sped out of an alley. Because of its speed, it immediately drew Crider's attention, and he suspected it had something to do with the "disorderly" call. He noticed two occupants in the car as it drove past him. Crider made a u-turn and began to follow it. The vehicle entered Highway 27 moving fast. By the time Crider entered Hwy 27, the vehicle was not in sight. Traffic was extremely light. It took Crider about ten seconds driving at 100 mph to catch backup to the vehicle. It exited Highway 27 at the Broad Street exit and headed westbound on 26th Street where Crider observed it turn into a Raceway gas station. Crider drove past the Raceway until he could no longer see the vehicle; then he made a u-turn and headed back toward the Raceway. When he was driving back toward the Raceway, he observed the same vehicle coming out of the Raceway onto the street. Crider followed the vehicle about 2 blocks and paced it with his patrol car traveling 45 mph in a 35 mph zone. Crider testified his patrol car's speedometer had been calibrated when the patrol car was new, and the patrol car had about 50,000 miles on it at that time.

After pacing the vehicle for a couple of blocks, Crider "bluelighted" the vehicle for speeding. Before the vehicle came to a complete stop, the defendant jumped out clutching what appeared to be a black backpack and began running. Crider stopped his patrol car in front of the vehicle and began a foot chase after the defendant. The defendant ran across a vacant lot toward a tree line and fell. Crider ordered him to stay down, but the defendant jumped back up without the backpack and began running again. When he fell again, defendant stayed down, and Crider was able to catch up to him. By this time, other officers had arrived on the scene, and Crider turned defendant over to them so that he could return to the vacant lot and look for the backpack. He located the backpack about five feet from the spot where the defendant had fallen the first time. There were firearms inside the backpack.

(Doc. 22 at 1-3).

## II. ANALYSIS

Defendant has specifically objected to Magistrate Judge Carter's findings that the speedometer on Officer Crider's vehicle was properly calibrated and that Officer Crider had probable cause to stop the vehicle for speeding. (Doc. 23 at 1). Defendant also

2

objects to Magistrate Judge Carter's finding that he was carrying a black backpack when he exited the vehicle. (*Id.* at 3). Finally, Defendant identifies a typographical error in the Report and Recommendation regarding the date of the incident. The Court notes that, as Defendant describes, the incident occurred on October 20, 2013 rather than October 10, 2013. *See* Doc. 1. The Court will now turn to Defendant's objections to the Report and Recommendation.

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Regarding Defendant's first argument that Officer Crider did not have sufficient probable cause to stop his vehicle, as Magistrate Judge Carter discusses in his Report and Recommendation, probable cause is a "flexible, commonsense standard" that merely requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (internal quotations omitted). Additionally, "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *Id.* at 391.

The Court has reviewed the evidentiary record relevant to the instant objections, and agrees with Magistrate Judge Carter's well-reasoned conclusions. In his objections, Defendant's arguments do not plausibly challenge Magistrate Judge Carter's determination that Officer Crider had probable cause to stop Defendant's vehicle. Officer Crider testified that his car had approximately 50,000 miles on it, had been calibrated when the car was new, and he paced Defendant's vehicle at traveling 10 miles

3

per hour over the speed limit. (Doc. 22 at 2). While Defendant attempts to call into question the precision of Officer Crider's speedometer, his arguments that Officer Crider's speedometer was inaccurate are unpersuasive considering Officer Crider's testimony that his vehicle is regularly serviced every 5,000 miles. Accordingly, the Court will **OVERRULE** Defendant's objection.

Turning to Defendant's argument that the black bag and its contents should be suppressed, the Court finds his argument to conflict with his position that he did not possess the black bag. (Doc. 23 at 3). Specifically, as Defendant has taken the position that another party possessed the black bag, he has not identified a sufficient basis for standing to raise this argument. *United States v. Henderson*, 488 F. Supp. 2d 648, 655 (N.D. Ohio 2007) ("The guaranty of the Fourth Amendment . . . against unreasonable search and seizure is a personal right or privilege, that can only be availed of by the owner or claimant of the property subjected to unreasonable search and seizure"). Even if the Court were to find that the argument was properly brought, it appears that the person who discarded the black bag effectively abandoned it and did not have a reasonable expectation of privacy in it. *See United States v. Eden*, 190 F. App'x 416, 421 (6th Cir. 2006) ("In determining whether property has been abandoned, the Court analyzes whether the individual challenging the seizure retained a legitimate expectation of privacy in the property at the time it was seized."). Accordingly, as "no person can have a reasonable expectation of privacy in an item that [he] has abandoned," Defendant's argument in that respect would also be without merit and his objection will be **OVERRULED**.

Accordingly, the Court **ACCEPTS and ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendations as set forth above pursuant to

4

§ 636(b)(1); Defendant's Objections (Doc. 23) are **OVERRULED**; and Defendant's Motion to Suppress (Doc. 13) is **DENIED.**

**SO ORDERED** this 24th day of October, 2014.

                                                  */s/ Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE